UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
NORTHERN DIVISION

| | |
|---|---|
| PRIME ALLIANCE BANK, INC., a Utah corporation,<br><br>        Plaintiff,<br><br>v.<br><br>REGENTS CAPITAL CORPORATION, a California corporation,<br><br>        Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND TO QUASH DEPOSITIONS (DOC. NO. 37)**<br><br>Case No. 1:21-cv-00031<br><br>Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Daphne A. Oberg |

Before the court is the Motion for Protective Order and to Quash Depositions, ("Mot." Doc. No. 37), filed by Plaintiff Prime Alliance Bank, Inc. ("Prime"). Prime seeks a protective order preventing Defendant Regents Capital Corporation ("Regents") from deposing eight current and former employees and officers of Prime. The court held a hearing on the motion on February 28, 2022. (*See* Doc. No. 52.) For the reasons stated at the hearing and set forth below, the court grants the motion and quashes the depositions.

## BACKGROUND

Regents is a commercial equipment finance broker which connects firms with equipment financing needs to banks and other financial institutions. (Compl. ¶ 6, Doc. No. 2.) Prime and Regents entered into a "Chattel Paper Agreement" governing Prime's purchase of Regents' rights and interest in certain equipment lease papers. (*See id.* ¶ 11.) This case concerns Prime's purchase of lease papers from Regents under this agreement related to equipment leases to two companies: Mitec Powertrain Inc. ("Mitec") and Kenwood Envision, LLC ("Kenwood"). (*See id.* ¶¶ 23, 41, 55–58.)

1

In April 2021, Prime brought this action against Regents, alleging Regents made false representations related to these agreements and breached certain warrantees. (*Id.* ¶¶ 79, 88.) As to the Kenwood agreement, Prime alleged Regents failed to make the UCC filings necessary to give Prime a first priority security interest in the leased equipment, and, as a result, other creditors have claimed a first priority interest. (*Id.* ¶ 64.) Prime asserted two claims for breach of contract (related to the Mitec and Kenwood agreements, respectively) and tort claims for negligence, negligent representation, and breach of fiduciary duty. (*Id.* ¶¶ 72–111.)

Regents moved to dismiss. (Doc. No. 18.) In January 2022, the court dismissed Prime's tort claims. (Minute Order (Jan. 18, 2022), Doc. No. 31.) The court declined to rule with respect to the Kenwood breach of contract claim, pending a ruling in an Ohio state court case regarding the sufficiency of Regents' UCC filings under Ohio law. (*See id.*) The court ordered Prime to notify the court of the Ohio state court's ruling within thirty days of the ruling, and it set deadlines for briefing on the significance of the ruling. (*Id.*) Shortly thereafter, Prime moved to amend its complaint, seeking to add new allegations in support of its breach of contract claims. (Doc. No. 32.) Regents opposed the motion to amend, (Doc. No. 40), and the motion remains pending.

Prime also filed the motion for protective order now before the court, arguing the depositions sought by Regents are irrelevant to the remaining breach of contract claims. (Mot., Doc. No. 37.) Regents opposed the motion. (Opp'n, Doc. No. 41.) At the court's invitation, both parties filed supplemental briefing addressing the relevance of the depositions and the issue of whether the depositions should be stayed until after a ruling the other pending motions. (Def.'s Suppl. Opp'n, Doc. No. 50; Pl.'s Reply, Doc. No. 51.)

**LEGAL STANDARD**

Rule 26(c) of the Federal Rules of Civil Procedure allows the court to enter a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," based on a showing of good cause. Fed. R. Civ. P. 26(a)(1). District courts also have "broad discretion to stay discovery to protect the parties from undue burden and expense and to promote judicial economy." *Martin v. SGT Inc.*, No. 2:19-cv-00289, 2019 U.S. Dist. LEXIS 237658, at *3 (D. Utah Aug. 21, 2019) (unpublished).

Under Rule 26(b), the scope of discovery encompasses "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Parties "have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings." *Gatti v. Granger Med. Clinic, P.C.*, No. 2:19-cv-00028, 2019 U.S. Dist. LEXIS 202299, at *5 (D. Utah Nov. 20, 2019) (unpublished) (quoting Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2000 amendments). Likewise, discovery must be relevant to "issues of the present lawsuit as it currently exists" and cannot be used to "investigate previously dismissed claims and explore alternative theories." *US Magnesium, LLC v. ATI Titanium LLC*, No. 2:17-cv-00923, 2020 WL 12847147, at *6 (D. Utah May 22, 2020) (unpublished).

**ANALYSIS**

Prime argues the eight depositions Regents seeks are irrelevant to the remaining claims for breach of contract. (Mot. 2–3, Doc. No. 37.) According to Prime, these claims concern whether Regents breached its contractual warrantees to provide accurate and complete information regarding the equipment leases. (*Id.* at 2.) Prime contends the proposed deponents—Prime's current and former officers and employees—have no knowledge regarding

3

these issues. (*Id.*) Likewise, Prime asserts the proposed deponents have no information relevant to damages, which was the subject of Prime's 30(b)(6) deposition. (*Id.* at 3.) Prime also argues discovery is unnecessary for the Kenwood claim, which turns on the Ohio court's ruling. (*Id.* at 2–3.) Finally, Prime contends any depositions should be stayed until the operative pleadings are in place. (Pl.'s Reply 8–9, Doc. No. 51.)

According to Regents, the proposed deponents were directly involved in reviewing and approving the Mitec and Kenwood agreements, as well as liquidation of collateral. (Opp'n 2, Doc. No. 41; Def.'s Suppl. Opp'n 5–10, Doc. No. 50.) Regents argues these depositions are relevant to (1) Regents' anticipated estoppel and waiver defenses, (2) new allegations in Prime's proposed amended complaint regarding "factual themes" of fraud and negligence, and (3) Prime's damages. (Opp'n 1–2, Doc. No. 41; Def.'s Suppl. Opp'n 1–3, Doc. No. 50.) Regents contends the 30(b)(6) testimony was insufficient and incomplete because the designee was not involved in the transactions at issue. (Def.'s Suppl. Opp'n 4–5, Doc. No. 50.) Finally, Regents argues staying the depositions pending a ruling on the motion to dismiss would be unduly prejudicial. (*Id.* at 10.) Regents explains the Ohio court is not expected to issue a ruling until April 4, 2022, and this court's briefing schedule would delay a ruling on the motion to dismiss by an additional sixty days. (*Id.*)

To the extent the proposed depositions would address anticipated defenses and the proposed amended complaint, as Regents argues, they are not relevant to the existing claims in this case. Regents has not yet filed an answer or asserted affirmative defenses. And Prime has not been granted leave to amend its complaint; indeed, Regents opposes the amendment. Depositions related to unpled defenses and proposed amendments are not within the scope of

discovery under Rule 26(b)(1), because they are not relevant to claims and defenses in the pleadings as they stand.

Discovery regarding damages is relevant to the existing claims, but, according to Regents, only two of the proposed deponents have information related to damages. (*See* Def.'s Suppl. Opp'n 9, Doc. No. 50 (stating Melissa Solomon and Michael Christensen have knowledge of Prime's liquidation of collateral).) And Regents also wants to depose these individuals regarding issues pertaining to unpled defenses. In other words, only a small portion of the discovery Regents seeks is relevant to the current pleadings. Further, to the extent the depositions are relevant to the Kenwood transaction, the claim relating to this transaction may be dismissed, depending on the outcome of the Ohio state court ruling.

For all these reasons, good cause exists to grant the protective order and stay the depositions until the operative pleadings are finalized. Regents will not be unduly prejudiced by such a stay, where the Ohio court ruling is anticipated by April, and the pending motions to dismiss and amend have been fully briefed (with the exception of supplemental briefing following the Ohio court ruling). Accordingly, the depositions are stayed until after the court rules on the pending motion to dismiss and motion to amend, and Regents files an answer.

The existing fact discovery deadline of March 31, 2022 may need to be stayed or extended as a result of this ruling. The parties are directed to meet and confer on this issue, and to submit their proposal(s) for amending the current scheduling order by March 14, 2022.

## CONCLUSION

Because the depositions at issue are largely irrelevant to the existing claims, Prime's motion for a protective order and to quash depositions (Doc. No. 37) is GRANTED. After the court rules on the motion to dismiss and motion to amend, and Regents files an answer, Regents

may proceed with depositions relevant to the parties' claims and defenses in the operative pleadings. If disputes arise, either party may bring a new motion after first making meaningful efforts to resolve the disputes by meeting and conferring.

The parties are directed to meet and confer regarding a stay or extension of the fact discovery deadline, and to submit their proposal(s) for amending the current scheduling order by March 14, 2022.

DATED this 7th day of March, 2022.

BY THE COURT:

_____
Daphne A. Oberg
United States Magistrate Judge